UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO HARDIN, #251826,

    Petitioner,

v.                            CASE NO. 5:10-CV-11601
                               HONORABLE JOHN CORBETT O'MEARA

MARY BERGHUIS,

    Respondent.
                                     /

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Mario Hardin ("Petitioner") was convicted of armed robbery, MICH. COMP. LAWS § 750.529, following a jury trial in the Oakland County Circuit Court. He was sentenced as a second habitual offender, MICH. COMP. LAWS § 769.10, to 10 to 40 years imprisonment, to be served consecutively to an unexpired term on a prior armed robbery conviction. In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence and the effectiveness of trial counsel. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's conviction arises from his robbery at a party store in Oakland County, Michigan in 2007. The Michigan Court of Appeals set for the relevant facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F. App'x

730 (6th Cir. 2002), as follows:

> Defendant's conviction arises from a robbery at a party store in Waterford, Michigan, on July 8, 2007. Daniel Walters testified that when he was in the store's parking lot preparing to enter his car after purchasing a pack of cigarettes, he noticed defendant standing immediately behind him. Defendant had followed Walters out of the store. Walters testified that as he turned around "something was stuck to my side and I was asked to give my things [to defendant]." Specifically, Walters testified that defendant stated something to the effect of "you're going to give me all of your things." Walters complied and handed defendant his wallet and cigarettes; defendant then took the items and fled the scene. Walters testified that he did not see what defendant actually placed in his side, nor did he see any weapon or item that appeared to be a weapon in defendant's possession. However, he believed the item pressing against his side was a "foreign object, a gun" because the object "didn't feel like fingers ... it felt a little bigger, a lot more pressure to my side." The owner of the store also witnessed part of the confrontation, but he did not notice any weapon or item in defendant's left hand and was not in a position to observe what was in defendant's right hand. Defendant did not threaten to shoot, stab, or kill Walters, nor did he orally assert that he was in possession of a weapon. However, defendant admitted at trial that he planned to rob a store customer that day. Defendant defended the armed robbery charge by denying that he possessed a weapon or fashioned an article as a weapon. Specifically, he claimed that he was holding a bag of potato chips in his right hand and took Walters' property with his left hand. Yet, during a police interview, when defendant was asked why Walters informed police that a weapon was stuck in his side, defendant asserted that he physically touched Walters, who may have mistakenly thought defendant had a weapon.

*People v. Hardin*, No. 281382, 2009 WL 2168890, *1 (Mich. Ct. App. July 21, 2009) (unpublished).

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that: (1) the prosecution presented insufficient evidence to prove that he was "armed" to support his armed robbery conviction, and (2) trial counsel was ineffective for failing to request a jury instruction on the lesser offense of larceny. The court denied relief on those claims and affirmed Petitioner's conviction. *Id* at *1-4. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Hardin*, 485 Mich. 979, 774 N.W.2d 870 (2009).

Petitioner thereafter instituted this federal habeas action raising the same claims presented

to the state courts on direct appeal of his conviction. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed this petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535

U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also*

*Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is generally "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

**IV.     Analysis**

     **A.     Insufficient Evidence Claim**

Petitioner first asserts that he is entitled to habeas relief because the prosecution failed to

present sufficient evidence that he was "armed" to support his armed robbery conviction. The Federal Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "The *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n. 16).

A federal habeas court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. *See Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), *cert. den.* _ U.S. _, 130 S. Ct. 1081 (2010). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, "[t]he mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

The Michigan armed robbery statute provides in pertinent part:

6

> A person who engages in conduct proscribed under section 530 [unarmed robbery] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years.

MICH. COMP. LAWS § 750.529. Thus, the elements of armed robbery under Michigan law are: (1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See People v. Smith*, 478 Mich. 292, 319, 733 N.W.2d 351 (2007); *see also People v. Rodgers*, 248 Mich. App. 702, 707, 645 N.W.2d 294 (2001). To establish that a defendant was "armed" in a case where a weapon was simulated or obscured, the prosecution must demonstrate that the victim's belief that the defendant was armed was reasonable and must submit "some objective evidence of the existence of a weapon or article" to the factfinder. *See People v. Jolly*, 442 Mich. 458, 468, 502 N.W.2d 177 (1993). Direct or circumstantial evidence and reasonable inferences therefrom can be sufficient to prove the elements of a crime. *Id.* at 466.

Applying the *Jackson* standard, the Michigan Court of Appeals denied relief on this claim. The court explained in relevant part:

> Defendant did not orally assert that he had a weapon and Walters did not observe a weapon. Our review is therefore limited to whether there was sufficient evidence to show that defendant used or fashioned an article in a manner to cause Walters to reasonably believe he possessed a dangerous weapon, or that defendant represented "otherwise" that he was in possession of a dangerous weapon. The jury may find the existence of an article fashioned as a dangerous weapon on the basis of all circumstantial evidence that is sufficient. *People v. Jolly*, 442 Mich. 458, 470, 502 N.W.2d 177 (1993). To establish that a defendant used an article to induce the victim to believe it to be a dangerous weapon, the prosecution must present more than mere evidence of a victim's subjective belief. *Id.* at 468, 502 NW2d 177. Instead, the prosecution must show possession of an article by presenting some objective evidence. *See id.* at 467, 502 N.W.2d 177. "The existence of some object, whether actually seen or obscured by clothing or something such as a paper bag, is

> objective evidence that a defendant possesses a dangerous weapon or an article used or fashioned to look like one." *Id*. at 469, 502 N.W.2d 177. Moreover, use of a hand can suffice to prove armed robbery. *See People v. Burden*, 141 Mich. App. 160, 165, 366 N.W.2d 23 (1985).
>
> In *Jolly, supra* at 461, 463, 502 N.W.2d 177, the defendant made an oral threat and the victim testified that he observed a bulge in the defendant's midsection. The Court held that there was sufficient objective evidence to submit the armed robbery question to the jury. *Id.* at 466-467, 502 N.W.2d 177. Similarly, this Court in *People v. Taylor*, 245 Mich. App. 293, 302, 628 N.W.2d 55 (2001), found there was sufficient objective evidence to find that the defendant was armed when he put his hands in his clothing and grabbed a bulge while announcing "this is a stick up." Id. However, in *People v. Banks*, 454 Mich. 469, 480-481, 563 N.W.2d 200 (1997), the Court found that there was no objective evidence to support a finding that the defendant's accomplice was armed. In *Banks, supra* at 475, 479-480, 563 N.W.2d 200, the victim thought the accomplice was armed but did not observe a weapon, article, or bulge and was not threatened by the defendant. The evidence in the instant case is similar to that in *Bank*s in that Walters testified that he did not observe a weapon or article and defendant did not orally threaten to use a weapon. However, the key distinguishing factor in the instant case is the fact that defendant made physical contact with Walters in a way that led him to believe that defendant was in possession of a dangerous weapon. Similar to *Jolly, supra*, and *Taylor, supra*, where the victims visually observed an apparent object obscured by the defendant's clothing, here, although Walters did not visually see an object, he physically felt an object pressing against his side and believed the article was a weapon. Defendant admitted to police that he made physical contact with Walters and that it was possible that Walters mistakenly believed that he was physically touched with a weapon. Furthermore, according to Walters, defendant stated something to the effect of "you're going to give me all your things," at the same time Walters felt the pressure in his side. Defendant's threatening demand, when coupled with defendant's action of placing an unknown object, even if the object was his hand fashioned in a certain way, into the side of Walters and applying pressure, can be reasonably understood to indicate the presence of a weapon. Reviewing the evidence and reasonable inferences in the light most favorable to the prosecution, we find that there was sufficient evidence to allow a rational juror to conclude beyond a reasonable doubt that defendant was "armed" during the commission of the robbery pursuant to MCL 750.529. None of the other elements of armed robbery are challenged on appeal, and we find defendant's sufficiency challenge to be without merit.

*Hardin*, 2009 WL 2168890 at *2 (citations omitted).

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent

nor an unreasonable application of federal law or the facts. The victim's testimony, and reasonable inferences therefrom, combined with the circumstances of the crime and Petitioner's own admissions, provided sufficient evidence to establish that Petitioner was armed within the meaning of Michigan's armed robbery statute. The testimony of a victim alone can be constitutionally sufficient to sustain a conviction. *See, e.g., Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases).

Petitioner's insufficient evidence claim challenges the inferences the jury drew from the evidence presented at trial. However, it is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

Additionally, to the extent that Petitioner challenges the Michigan Court of Appeals' construction and application of state law, he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief does not lie for perceived state law errors); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (state courts are the final arbiters of state law); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Given the trial testimony, a rational trier of fact could have found the elements of armed robbery beyond a reasonable doubt. More importantly, for purposes of federal habeas review, the Michigan Court

of Appeals' decision to that effect is not unreasonable. Habeas relief is not warranted on this claim.

### B. Ineffective Assistance of Counsel Claim

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to request a jury instruction on the lesser offense of larceny. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the

adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id*. at 788.

Applying the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim. The court explained in relevant part:

> It is proper for a trial court to instruct a jury on a necessarily included lesser offense if "all the elements of the lesser offense are included in the greater offense, and a rational view of the evidence would support such an instruction." *People v. Mendoza*, 468 Mich. 527, 533, 664 N.W.2d 685 (2003). An instruction on a cognate lesser offense is not permissible. *People v. Randy R Smith*, 478 Mich. 64, 73, 731 N.W.2d 411 (2007). A cognate lesser offense is an offense that is of the same class or category and shares some common elements with the greater offense, but has some elements not found in the greater. *People v. Perry*, 460 Mich. 55, 61, 594 N.W.2d 477 (1999). The greater offense charged in the instant case was armed robbery, MCL 750.529. "The elements of armed robbery are (1) an assault and (2) a felonious taking of property from the victim's presence or person (3) while the defendant is armed with a weapon." *People v. Bobby Lynell Smith*, 478 Mich. 292, 319, 733 N.W.2d 351 (2007). The elements of larceny are:
>
> (1) an actual or constructive taking of goods or property, (2) a carrying away or asportation, (3) the carrying away must be with a felonious intent, (4) the subject matter must be the goods or personal property of another, (5) the taking must be without the consent and against the will of the owner." [*People v. Cain*, 238 Mich. App. 95, 120, 605 N.W.2d 28 (1999) (internal citation and quotation marks omitted).]

11

> "A larceny is committed when one steals the property of another outside the person's presence." *People v. Perkins*, 473 Mich. 626, 635 n. 9, 703 N.W.2d 448 (2005). Armed robbery requires an assault, which necessarily requires the presence of a person. All the elements of the lesser offense on which defendant bases his claim, MCL 750.356, are not therefore included in the greater offense. Larceny also requires a showing that goods were carried away; armed robbery does not. Because larceny includes two elements that are not included in the elements of armed robbery, larceny is a cognate lesser offense, and an instruction on that offense was impermissible. *Randy R Smith, supra* at 63. In *People v. Beach*, 429 Mich. 450, 483, 418 N.W.2d 861 (1988), the Court made clear that larceny from a person, MCL 750.357, is the only category of larceny that is a necessarily included lesser offense of armed robbery. Defendant does not argue that an instruction on that crime should have been given. On the record before us, we find that trial counsel's failure to request an instruction on larceny, MCL 750.356, did not fall below an objective standard of reasonableness under professional norms.
>
> Even if trial counsel should have requested an instruction on larceny or larceny from a person, there is no "reasonable probability that if not for counsel's errors, the result would have been different and the result that did occur was fundamentally unfair or unreliable." *Odom, supra* at 415, 740 N.W.2d 557. The jury was given an instruction on the lower offense of unarmed robbery and failed to find defendant guilty of this lesser offense. There is nothing in the record to suggest that the outcome at trial would have been different if the jury was given an instruction on larceny as well. Any error in the failure to instruct on a larceny offense was harmless where the trial court instructed the jury on the offense of unarmed robbery and the jury rejected that charge. *See, generally, People v. Zak*, 184 Mich. App. 1, 16, 457 N.W.2d 59 (1990). Defendant was not denied his right to effective assistance of counsel, and his request for a remand is denied.

*Hardin*, 2009 WL 2168890 at *3-4.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Even assuming that trial counsel erred by not requesting a larceny or larceny from a person instruction, Petitioner cannot establish that he was prejudiced by counsel's conduct given the jury's unwillingness to convict him on the instructed lesser offense of unarmed robbery, which is a more serious charge than either larceny or larceny from a person. *See* MICH. COMP. LAWS §§ 750.356; 750.357. Petitioner has failed to establish that counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition and that the petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits. *Id.* at 336-37. Having conducted the requisite review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

s/John Corbett O'Meara<br>United States District Judge

Date: August 15, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 15, 2011, using the ECF system, and upon Petitioner at Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, Michigan 49442 by first-class U.S. mail.

s/William Barkholz<br>Case Manager

14